(No. 14920.—Cause transferred.)
FRANK FITZSIMMONS, Appellee, *vs.* W. H. H. MILLER *et al.* Appellants.

*Opinion filed April 18, 1923.*

1. APPEALS AND ERRORS—*when validity of act abolishing Board of Education of Illinois is not involved in appeal.* The validity of section 35 of the Civil Administrative Code, abolishing the corporation the Board of Education of the State of Illinois, is not involved in an appeal by the Normal School Board from a judgment against said board of education for damages for breach of a contract relating to the State Normal University, entered into prior to the time said act took effect.

2. SAME—*when judgment is against Board of Education of Illinois.* Although a judgment against the Board of Education of the State of Illinois, a corporation, recites that the defendant is represented by the chairman, secretary and members of the Normal School Board as trustees exercising the powers and duties of said board of education, it is nevertheless a judgment against the board of education, and no question is involved as to the validity of the organization of the Normal School Board.

3. SAME—*when the Supreme Court will not take jurisdiction to determine validity of a statute.* The Supreme Court will not take jurisdiction to determine the validity of a statute where the cause may be finally disposed of without determining the constitutional question.

APPEAL from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E. BRITTON, and SHERMAN & BAINUM, for appellants.

GEORGE B. GILLESPIE, (THOMAS E. GILLESPIE, and GEORGE M. GILLESPIE, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On June 23, 1922, Frank Fitzsimmons, doing business under the name and style of Fitzsimmons Construction Company, appellee, recovered a judgment in the circuit court of Sangamon county against "the defendant, the Board of Education of the State of Illinois, a corporation, represented by W. H. H. Miller as chairman, Francis G. Blair as secretary, Frank E. Richey, Henry A. Neal, Elmer T. Walker, Frank B. Stitt, William B. Owen, Rolland Bridges, Charles L. Capen, John C. Allen and .........., members constituting the Normal School Board of the State of Illinois, as trustees, exercising the rights, powers and duties of the Board of Education of the State of Illinois, a corporation," appellants, for $30,000 and execution was awarded. The record shows that "the said defendant, by its attorneys, then and there excepts and prays an appeal of this cause to the Supreme Court," which was allowed by the court without bond.

This is an action of trespass on the case on promises. The original declaration consisted of the common counts and one special count, which set out *in hæc verba* a written contract entered into on May 24, 1916, between the appellee and the Board of Education of the State of Illinois, a corporation, for the construction of a building known as the women's dormitory, to be located on the grounds of the board at Normal, and in which it was averred that appellee on his part kept and performed the contract and would have completed the building pursuant to the terms and conditions thereof but for the interference and obstruction of the Board of Education of the State of Illinois in refusing to provide material, to specify changes pursuant to the specifications, and by neglecting and failing to have properly per-

formed by its contractors the work of installing the heating and ventilating plant, and by numerous changes in the plans and specifications made by the State architect, and by divers other delays caused by the State architect and by the board of education in furnishing details of plans and specifications, and by declaring his contract forfeited and seizing his tools and materials and ejecting him from the premises on May 1, 1917. Afterwards, by leave of court, special counts 2, 3 and 4 were filed. Special count 2 set up the contract aforesaid, referred to the plans and specifications and made them a part of the count, and averred performance on appellee's part and a breach of the contract by the Board of Education of the State of Illinois, setting up the same breaches as in said special count, with perhaps more elaboration. In the third special count it is averred that on May 1, 1917, the Board of Education of the State of Illinois wrongfully and forcibly seized appellee's tools, materials, appliances and equipment and applied the same to its own use, and that the same were of the value of $30,000. In the fourth special count it is alleged that appellee was the successful bidder for the construction of the building, complied in all respects with the instructions to bidders and with the requirements of the Board of Education of the State of Illinois, and that on account of the delay of the board in entering into the contract pursuant to the bid he was damaged in the sum of $30,000. The declaration named as defendants F. W. Sheppardson as chairman, Francis G. Blair as secretary, J. Stanley Brown, LeRoy A. Goddard, William B. Owen, Frank E. Richey, Henry A. Neal, Elmer T. Walker, Rolland E. Bridges, Charles L. Capen and John C. Allen as members constituting the Normal School Board, successor of and exercising the rights, powers and duties of the Board of Education of the State of Illinois. The above named defendants appeared and filed a general and special demurrer to the declaration, the special cause of demurrer being that the action is an action

against the State of Illinois and that appellee is barred from maintaining the same by reason of the provision of section 26 of article 4 of the constitution that the State of Illinois shall never be made defendant in any court of law or equity, which demurrer was overruled by the court. The defendants then filed the plea of the general issue and a verified plea denying the execution of the contract. Thereafter, by leave of court, two amendments were filed to the second count of the declaration. By agreement the pleas aforesaid were re-filed to the amended declaration. Pending trial, by leave given the declaration was further amended by making "the names of the defendant to this suit as follows: W. H. H. Miller as chairman, Francis G. Blair as secretary, Frank E. Richey, Henry A. Neal, Elmer T. Walker, Frank B. Stitt, William B. Owen, Rolland Bridges, Charles L. Capen, John C. Allen and ............, members, constituting the Normal School Board, as trustees, exercising the rights, powers and duties of the Board of Education of the State of Illinois, a corporation." The pleas filed as aforesaid, on motion of the defendants were again re-filed to.the amended declaration. There was a trial by jury, resulting in a verdict and judgment for $30,000.

Counsel for the appellants have treated the cause and have argued it in their briefs as an appeal by the Normal School Board, or as an appeal by the chairman, secretary and members of that board. They contend that the appeal was granted to the Normal School Board, and in support of that contention state that the appeal was granted without bond. The judgment in the case is against "the defendant, the Board of Education of the State of Illinois, a corporation," represented by W. H. H. Miller as chairman, Francis G. Blair as secretary, and Frank E. Richey and others as members, constituting the Normal School Board of the State of Illinois, as trustees, exercising the rights, powers and duties of the Board of Education of the State of Illinois, a corporation. This is clearly a judgment against

the Board of Education of the State of Illinois as defend-
ant, and the fact that it is further recited that the defendant
is represented by· the chairman, secretary and members of
the Normal School Board as trustees, while exercising the
rights, powers and duties of the defendant, does not change
the fact that the judgment is against the Board of Educa-
tion of the State of Illinois.

The Normal School Board, as stated by its attorneys,
was created by the Civil Administrative Code, which be-
came operative July 1, 1917, which was after the contract
sued on in this case was executed by appellee and by the
Board of Education of the State of Illinois and after the
alleged breach of that contract.  The principal contentions
made in this court by its attorneys are, that section 35 of
the Civil Administrative Code purports to abolish or de-
stroy the Board of Education of the State of Illinois, and
by sections 32 and 58 thereof to transfer the rights, powers
and duties of that board to the Department of Registration
and Education, and that under the provisions of section 59
of said act the Normal School Board, of which the director
of the Department of Registration and Education 'shall be
chairman and *ex-officio* member and the Superintendent of
Public Instruction *ex-officio* member and its secretary, shall
have the power and the duties, independently of the super-
vision, direction or control of the director or any other offi-
cer of the Department of Registration and Education, to
perform the duties mentioned in section 59, which, so far
as pertains to the Normal University, are substantially the
same as the duties enumerated to be performed by the Board
of Education of the State of Illinois, as set forth in "An
act for the establishment and maintenance of a Normal
University," in force February 18, 1857.   (Laws of 1857,
p. 298.)   It is also pointed out, in substance, by the attor-
neys, that under the act of 1857 the Board of Education of
the State of Illinois was made a corporation, and that by
that name and style was to have perpetual succession, and

have power to contract and be contracted with, to sue and be sued, to plead and be impleaded, to acquire, hold and convey real and personal property, to have and use a common seal and to alter the same at pleasure, and to make and establish by-laws and to alter or repeal the same as they shall deem necessary for the government of the Normal University thereby authorized to be established or of any of its departments. It is then stated and argued that the legislature of Illinois did not have the power or the right to abolish or destroy the Board of Education of the State of Illinois, because it was a private corporation which had received private donations from private individuals for the use and benefit of the Normal University, and that the act creating said corporation reserved no right to repeal or to substantially modify its charter rights. Counsel are supported in these contentions as to the rights, powers and duties of said corporation and its indestructible character by the legislature by several decisions of this court. (*Board of Education* v. *Greenebaum & Sons,* 39 Ill. 609; *Same* v. *Bakewell,* 122 id. 339; *Boehm* v. *Hertz,* 182 id. 154.) In the last case cited it was held, in substance, that the State of Illinois could make a donation or appropriation to said private corporation under its constitutional powers without an assumption of its debts or liabilities and without changing its character as a private corporation.

It is further argued by counsel that the Normal School Board is an arm of the State government and cannot be sued in any court of law or equity by reason of the provision of section 26 of article 4 of the constitution that the State of Illinois shall never be made a defendant in any court of law or equity; that there is no privity between the Normal School Board and the Board of Education of the State of Illinois; that the Normal School Board has no property, assets or resources of any kind except trust property heretofore belonging to the State Normal Universities or schools, taken in succession from public State schools,

or such appropriations as may be made for it by the legislature; that it has no treasury and no funds therein under its control save appropriations of the legislature; that the attempt by the legislature in the act aforesaid to divest the Board of Education of the State of Illinois of its property and vest its property in the Normal School Board is contrary to the constitution; that the judgment in this case is general and binds no specific appropriation or funds devoted to the building concerning which this suit arises, and that the enforcement of the judgment in this case would involve the taking of public property on execution to satisfy a private debt.  As a basis for the foregoing arguments it is claimed that constitutional questions are involved in this appeal which give this court jurisdiction.  The record does show that at the close of plaintiff's evidence the Normal School Board moved the court to exclude all the evidence and to direct a verdict of not guilty for the reason that the Normal School Board is an arm of the State government and under the constitution cannot be made a party defendant in this lawsuit.  The same proposition was also urged in the motion in arrest of judgment.  It also appears that on the trial when the contract sued on was offered in evidence it was objected to by counsel for the defendant on the ground that it was signed by the Board of Education of the State of Illinois, and that that board is a private corporation with perpetual existence, and that the sections of the Civil Administrative Code which purport to abolish and destroy the Board of Education of the State of Illinois and vest its powers and duties in and transfer its books, records, papers, documents and property to the Normal School Board are void.  All of these arguments, as already stated, are based upon the erroneous assumption that the judgment in this case is against the Normal School Board.  It is therefore apparent that the further contention of the attorneys that this court is required to pass upon the validity of the Civil Administrative Code in any man-

ner in this case cannot be sustained. This court decided in the case of *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620, that it has no jurisdiction in a cause where it may be finally disposed of without determining the constitutionality of a statute, when there is no other question and no statute that gives this court jurisdiction by direct appeal.

The claim of appellee is, as we understand his brief and argument, that the Board of Education of the State of Illinois is named as a defendant in the declaration, and that it was necessary to serve the members of the Normal School Board because they were representing as trustees and exercising the rights, powers and duties of the Board of Education of the State of Illinois. He further contends that the pleas in this case filed by the defendants are therefore the pleas of the Board of Education of the State of Illinois and that no service on that corporation was necessary, and that if any was necessary the service shown in the record is sufficient. These questions are disputed by counsel who claim to appear for the defendant. These questions are not questions that we can settle, as we have no jurisdiction of the case. It is clear that the judgment is against the Board of Education of the State of Illinois and that the constitutional questions aforesaid are not involved in the case. There is much force, also, in the argument of the appellee that the Normal School Board is estopped to question the validity of the act, and particularly that part of it that brought it into existence and put it in control of the property of the Board of Education of the State of Illinois, and which gave it practically the same powers and duties as those of the original fifteen members of said board under the act of 1857.

As this court is without jurisdiction the cause will be transferred to the Appellate Court for the Third District.

*Cause transferred.*