(No. 14988.—Judgment reversed.)

The Board of Education of Onarga Township High School District No. 237, Appellee, *vs.* The Board of Education of Thawville Community High School District No. 251, Appellant.

*Opinion filed April 18, 1923—Rehearing denied June 6, 1923.*

Schools—*who must approve transfer of pupils under section 96 of School law.* Section 96 of the School law, providing that "upon the approval of the county superintendent of schools, any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides," applies to all high school districts however situated, and where one or both of the districts concerned in the transfer lie within two or more counties the pupil must have the approval of the county superintendents of all the counties involved.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

FRANK J. BURNS, and MORRIS & SOUTH, for appellant.

J. W. THOMASON, CLAUDE N. SAUM, and STEPHEN C. MALO, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Thawville Community High School District was organized in 1920 and maintained a high school in the village of Thawville, in Iroquois county, during the school year 1920-1921. Immediately east of the Thawville district lies Onarga Township High School District, which was organized several years earlier and which during all the time of its existence has maintained a high school in the village of Onarga. The Onarga district lies entirely within Iroquois county but the Thawville district includes twelve and one-half sections lying in Ford county. Acting under the authority granted in section 96 of the School law, (Laws of 1917, p. 743,) the county superintendent of schools of Iroquois county granted a certificate of convenience to seven pupils living in the Thawville district, thereby approving their attendance at the Onarga high school. This certificate was granted without notice to or the knowledge of the Thawville district and the approval of the county superintendent of schools of Ford county was not requested or obtained. All of the pupils transferred lived nearer their home school,—one of them a quarter of a mile, two of them a half mile, one of them a mile, and two of them three and a quarter miles. The seventh pupil lived within three blocks of the Thawville high school and eight miles from the Onarga high school. From the evidence it seems that the reasons which prompted the action of the county superintendent of schools were that five of the pupils had there-

tofore attended Onarga high school, that they could get instruction in subjects at Onarga which they could not get at Thawville, and that Onarga had superior advantages because it had been longer established, had a larger faculty, had more elective courses and was accredited. The Thawville district refused to pay the tuition demanded, and the board of education of the Onarga district brought an action in the circuit court of Iroquois county to recover the amount claimed to be due. The circuit court gave judgment for a portion of the amount claimed, and this appeal followed.

The circuit court held as a matter of law, "that as Iroquois county is the county in which a majority of the territory of the defendant district is situated, the approvals which are in evidence of the county superintendent of schools of Iroquois county were made by the proper officer for the high school pupils of the defendant district in question to attend plaintiff's high school, and that the law did not require said pupils to have the approval of the county superintendent of schools of Ford county." Section 96 provides that "upon the approval of the county superintendent of schools, any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides." This statute must be construed so that it will apply to all high school districts in the State, thereby giving effect to the manifest legislative intent. For instance, it must be applicable where the resident district lies in one county and the district to which the transfer is made lies in another county; where the one district lies wholly in one county and the other lies in two adjoining counties; where the territory in each district is equally divided between two adjoining counties; where one of the districts has its territory divided equally among three adjoining counties or among four counties which corner; and any other number of situations which might be described. It is manifest, therefore, that the well recognized

canon of statutory construction that "words importing the singular number may extend and be applied to several persons" should be applied to this section, so that where the two districts involved lie in more than one county the pupil must have the approval of the county superintendents of all the counties involved before he may attend a high school in a district other than the one in which he resides, at the expense of his district. For that reason the court erred in holding that it was not necessary to have the approval of the county superintendent of schools of Ford county. Before liability could attach to the Thawville district to pay the tuition of any of the pupils residing in that district and attending school at Onarga it was necessary for the county superintendents of schools of Iroquois and Ford counties to certify that it was more convenient for said pupils to attend the high school in the Onarga district than the one in the Thawville district. For want of the approval of the county superintendent of schools of Ford county the Thawville district was not liable for the tuition involved and the court erred in entering judgment against it.

It is further contended that section 96 is unconstitutional because it attempts to vest in the county superintendent of schools legislative power by permitting him to decide when it is "more convenient" for a pupil to attend one school than another without placing any bounds or limitations on the term; that it is a special law with respect to the management of common schools; and that it deprives the school district and its tax-payers of their property without due process of law. Having found that appellant is entitled to a judgment on the merits the constitutional questions are no longer involved and for that reason they will not be considered.

The judgment of the circuit court is reversed.

*Judgment reversed.*