Frank Fitzsimmons, trading as Fitzsimmons Construction Company, Appellee, v. W. H. H. Miller et al., Appellants.

## Gen. No. 7,619.

1. STATE OF ILLINOIS—*corporate status of State Board of Education not affected by creation of Normal School Board.* The creation of the Normal School Board under the provisions of the Civil Administrative Code, sec. 35 *et seq.,* Cahill's Ill. St. ch. 24a, ¶ 35 *et seq.,* abolishing as a State agency the State Board of Education and vesting its rights, powers and duties as to normal schools in the Normal School Board, did not change the corporate status of the State Board of Education or deprive it of its corporate powers under its charter granted by Laws 1857, p. 298, Cahill's Ill. St. ch. 122, ¶ 599 *et seq.,* which made it a private corporation with the right of perpetual succession, with no reserved right to repeal or substantially modify its charter rights.

2. APPEAL AND ERROR—*dismissal for defect of parties.* A judgment for plaintiff in an action of trespass on the case for alleged breach of contract between plaintiff and the State Board of Education is a judgment against that board although the declaration named as defendants certain individuals "as members constituting the Normal School Board, as trustees, exercising the rights, powers and duties" of the State Board of Education and the judgment went against "the Board of Education * * * represented by" the individuals named as such trustees, and although the board as such had not been served with process or made any appearance in the trial court; and an appeal from the judgment will be dismissed where it was prayed and allowed as on behalf of the "said defendant" but was prosecuted and presented as on behalf of the Normal School Board or its officers, and no abstract or briefs have been filed on behalf of the State Board of Education.

Appeal by defendants from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding. Heard in this court at the October term, 1922. Appeal dismissed. Opinion filed July 10, 1923.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E. BRITTON, Assistant Attorney General, and SHERMAN & BAINUM, for appellants.

GEORGE E. GILLESPIE, for appellee; THOMAS E. GIL-LESPIE and GEORGE M. GILLESPIE, of counsel.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

By an act of the General Assembly entitled, "An Act for the establishment and maintenance of a Normal University," in force February 18, 1857 (Laws 1857, p. 298, Cahill's Ill. St. ch. 122, ¶ 599 *et seq.*) the Board of Education of the State of Illinois was made a corporation and by that name and style was to have perpetual succession, and have power to contract and be contracted with, to sue and be sued, to plead and be impleaded, to acquire, hold and convey real and personal property, to have and use a common seal and to alter the same at pleasure, and to make and establish by-laws and to alter or repeal the same as they shall deem necessary for the government of the Normal University thereby authorized to be established or of any of its departments. It was a private corporation which had received donations from private individuals for the use and benefit of the Normal University and the act creating said corporation, reserving no right to repeal or to substantially modify its charter rights, was indestructible by the legislation. *Board of Education v. Greenebaum & Sons,* 39 Ill. 609; *Same v. Bakewell,* 122 Ill. 339; *Boehm v. Hertz,* 182 Ill. 154.

The Normal school board was created by the Civil Administrative Code which became operative July 1, 1917. Section 35 of this Act provides: "The following offices, boards, commissions, arms and agencies of the State government heretofore created by law, are hereby abolished, viz.: * * * the board of education of the State of Illinois." [Cahill's Ill. St. ch. 24a, ¶ 35.]

Section 58 provides: "The Department of Registration and Education shall have power to exercise the rights, powers and duties vested by law in the Board

of Education of the State of Illinois, the Board of Trustees of the Southern Normal University at Carbondale, the Board of Trustees of the Northern Illinois State Normal School at DeKalb, the Board of Trustees of the Eastern Illinois State Normal School at Charleston, and the Board of Trustees of the Western Illinois State Normal School at Macomb.'' [Cahill's Ill. St. ch. 24a, ¶ 59.]

Section 59 provides: "The Normal School Board, of which the Director of Registration and Education shall be chairman and *ex officio* member and of which the Superintendent of Public Instruction shall *ex officio* be a member and shall be secretary, shall have power and it shall be its duty, independently of the supervision, direction or control of the Director or any other officer of the Department of Registration and Education:

"1. To make rules, regulations and by-laws, not inconsistent with law, for the good government and management of the State Normal Schools and the various interests therein;

"2. To visit each State Normal School at least once during each scholastic year for the purpose of making an inspection of its condition and work and gathering such information as will enable it to perform its duties intelligently and effectively;

"3. To employ, and, for good cause, remove a president of each State Normal School and all necessary professors, teachers, instructors, and other educational assistants, and all other necessary employees, and fix their respective salaries;

"4. To prescribe the course of study to be followed, and textbooks and apparatus to be used in each State Normal School;

"5. To issue, upon the recommendation of the faculties of the respective Normal Schools, diplomas to such persons as shall have satisfactorily completed the required studies of the respective State Normal Schools, and confer such professional degrees as are usually conferred by other institutions of like character for similar or equivalent courses of study.

"6. To examine into the conditions, management and administration of the State Normal Schools;

"7. To succeed to and administer all trusts and trust property now or hereafter belonging or pertaining to any of the State Normal universities or schools." [Cahill's Ill. St. ch. 24a, ¶ 60.]

The legislature did not purport to and could not discover the private corporation created by the laws of 1857, but abolished it as an arm or agency of the State government and transferred the duties the State Board of Education theretofore performed, as a State agency, to the Normal School Board, leaving to it the corporate powers given it by the act of 1857.

This is an action of trespass on the case on promises brought by appellee to recover for alleged breaches of a contract entered into May 24, 1916, between appellee and the State Board of Education.

The declaration named as defendants: F. W. Shepardson, as chairman, Francis G. Blair, as secretary, J. Stanley Brown, LeRoy A. Goddard, William B. Owen, Frank E. Richey, Henry A. Neal, Elmer T. Walker, Rolland E. Bridges, Charles L. Capen and John C. Allen, as members constituting the Normal School Board, successor of and exercising the rights, powers and duties of the Board of Education of the State of Illinois. Process of summons was served on the individuals named in their individual capacity. Thereafter, in the case entitled, "Frank Fitzsimmons, Doing Business Under the Name and Style of Fitzsimmons Construction Company, Plaintiff, vs. F. W. Shepardson, as Chairman, Francis G. Blair, as secretary, J. Stanley Brown, LeRoy A. Goddard, William B. Owen, Frank E. Richey, Henry A. Neal, Elmer T. Walker, Rolland E. Bridges, Charles L. Capen and John C. Allen, Members Constituting the Normal School Board, Successor of and Exercising the Rights, Powers and Duties of the Board of Education of the State of Illinois, Defendants," a demurrer was filed

by "the above-named defendants by Edward J. Brundage, Attorney General of the State of Illinois."

After the demurrer was overruled, a plea of the general issue entitled in the same manner was filed by "Edward J. Brundage and Sherman and Bainum, Attorneys for defendants," for the "defendants," to the amended declaration. Pending trial, by leave given, the declaration was amended by making "the *names* of the *defendants* to this suit as follows: W. H. H. Miller, as chairman, Francis G. Blair, as secretary, Frank E. Richey, Henry A. Neal, Elmer T. Walker, Frank B. Stitt, William B. Owen, Rolland Bridges, Charles L. Capen, John C. Allen and. . . . . . . . . ., members, constituting the Normal School Board, as trustees, exercising the rights, powers and duties of the Board of Education of the State of Illinois, a corporation." The pleas filed as aforesaid, on motion of the defendant, were again refiled to the amended declaration. There was a trial by jury, resulting in a verdict, and judgment for $30,000 was rendered thereon by the circuit court of Sangamon county against the defendant, "the Board of Education of the State of Illinois, a corporation, represented by W. H. H. Miller, as chairman, Francis G. Blair, as secretary, Frank E. Richey, Henry A. Neal, Elmer T. Walker, Frank B. Stitt, William B. Owen, Rolland Bridges, Charles L. Capen, John C. Allen and. . . . . . . . . ., members, constituting the Normal School Board of the State of Illinois, as trustees, exercising the rights, powers and duties of the Board of Education of the State of Illinois, a corporation," for $30,000 and execution was awarded. The record shows that "the said defendant, by its attorneys, then and there excepts and prays an appeal of this cause to the Supreme Court," which was allowed by the court without bond, which appeal was by the Supreme Court transferred to this court (*Fitzsimmons v. Miller*, 308 Ill. 85), and in so doing in its opinion the court said: "This is clearly a judg-

ment against the Board of Education of the State of Illinois as defendant, and the fact that it is further recited that the defendant is represented by the chairman, secretary and members of the Normal School Board as trustees, while exercising the rights, powers and duties of the defendant, does not change the fact that the judgment is against the Board of Education of the State of Illinois.''

This judgment was therefore rendered against a private corporation which had not been served with process of summons and which had not in any manner appeared in the circuit court.

Briefs and arguments have been filed in this court entitled ''Statement, Brief and Argument of Appellant,'' signed, ''Edward J. Brundage, Attorney General, Sherman and Bainum, Attorneys for appellant,'' and entitled, ''Frank Fitzsimmons, Doing Business Under the Name and style of Fitzsimmons Construction Company, Appellee, vs. F. W. Shepardson, Chairman, et al. (Amended as W. H. H. Miller, Chairman, et al.), Appellant. Appeal from the Circuit Court of Sangamon County, Illinois,'' and therein it is stated, ''The Attorney General of Illinois defends on behalf of defendants.'' They have treated the cause and have argued it in their briefs as an appeal by the Normal School Board, or as an appeal by the chairman, secretary and members of that board.

The order of court granting the appeal is ambiguous as to who took the appeal. If it be held that the appeal was the appeal of the Normal School Board or its officers then it must be dismissed, as they have no standing in this court, as there being judgment against either of them in the court below, and consequently there was nothing from which either of them could appeal. On the other hand, if it be held that the appeal was the appeal of the Board of Education of the State of Illinois, then it must likewise be dismissed, as the Board of Education of the State of Illinois has filed no abstract or briefs in accordance with the rules of

this court and therefore has not perfected its appeal. Appeal dismissed.

*Appeal dismissed.*