(No. 15924.—Judgment reversed.)

THE BOARD OF EDUCATION OF BLUE MOUND COMMUNITY HIGH SCHOOL DISTRICT NO. 147, Appellee, *vs.* THE BOARD OF EDUCATION OF STONINGTON COMMUNITY HIGH SCHOOL DISTRICT NO. 304, Appellant.

*Opinion filed April 14, 1924.*

SCHOOLS—*approval of all county superintendents concerned is necessary to transfer of pupil under section 96 of School law.* Under section 96 of the School law, providing for the attendance of a pupil at a high school in a district other than that in which he resides, the pupil, where the two districts involved lie in more than one county, must have the approval of the county superintendent of each county involved before the district in which he resides can be charged with his tuition. (*Board of Education* v. *Board of Education,* 308 Ill. 231, followed.)

APPEAL from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

HOGAN & REESE, for appellant.

LEFORGEE, BLACK & SAMUELS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

For more than five years appellant and appellee have each conducted a recognized four-year high school. Stonington Community High School District lies entirely with-

in Christian county, and Blue Mound Community High School District lies partly in Christian county and partly in Macon county. Acting under the authority granted in section 96 of the School law, the county superintendent of schools of Christian county granted a certificate of convenience to four pupils living in the Stonington district, thereby approving their attendance at the Blue Mound high school. This certificate was granted without notice to or the knowledge of the Stonington district, and the approval of the county superintendent of schools of Macon county was not requested or obtained. The Stonington district refused to pay the tutition demanded, and the board of education of the Blue Mound district brought an action in the circuit court of Christian county to recover the amount claimed to be due. The circuit court gave judgment for the full amount, and an appeal was taken directly to this court because a constitutional question is involved.

By three propositions of law submitted and refused, appellant requested the court to hold that it was necessary to have the consent of the county superintendent of schools of Macon county before it became liable for the tuition of the four pupils. Section 96 provides that "upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides and the board of education of the high school district in which said pupil resides shall pay the tuition of such pupil." In *Board of Education* v. *Board of Education,* 308 Ill. 231, we held that this statute must be construed so that it will apply alike to all high school districts in the State. If the legislature had intended that the pupil should procure the approval of the county superintendent of schools of the county in which such pupil resides, and no other, it would have said so. Certainly this court has no authority to read into the act language that is not

there.   Whether the legislature has the power to give to the county superintendent of the county in which is located the district to be charged with the tuition, the authority to grant the certificate of convenience required, without the approval of the county superintendent of the county where the school to be attended is located we need not decide, because the legislature has not attempted to grant such authority.   As we said in the case cited, where the two districts involved lie in more than one county the pupil must have the approval of the county superintendents of all counties involved before he may attend a high school in a district other than the one in which he resides, at the expense of his district. For that reason the court erred in holding that it was not necessary to have the approval of the county superintendent of schools of Macon county.   For want of such approval the Stonington district was not liable for the tuition involved, and the court erred in entering judgment against it.

Appellant argues that section 96 "is unconstitutional in so far as it purports to create liability upon one high school district without its consent for the purpose of paying for the tuition of its pupils in another district, and for the additional reason that the county superintendent of schools, being an administrative officer, could not properly be one who could decide or fix that liability, and because it is a violation of the due process clause to fix liability upon the district without giving it a chance to be heard."   Having found that appellant is entitled to a judgment upon other grounds, the constitutional questions are no longer involved and for that reason they will not be considered.

The judgment of the circuit court is reversed.

*Judgment reversed.*