FRANK FITZSIMMONS, Plaintiff in Error, *vs.* THE BOARD OF EDUCATION OF THE STATE OF ILLINOIS, Defendant in Error.

*Opinion filed October 28, 1926.*

1. SCHOOLS—*State Board of Education, as a private corporation, was not abolished by Civil Administrative Code.* The State Board of Education, being an eleemosynary corporation, was not abolished by the adoption of the Civil Administrative Code transferring its powers as a State agency to the Normal School Board, and the office of the president, although his term expires, continues until his successor is provided, and he is authorized to prosecute a writ of error from a judgment against the State Board of Education in a suit to which it was not a party.

2. APPEALS AND ERRORS—*when State Board of Education is not estopped to prosecute a writ of error.* Where a judgment is rendered against the State Board of Education in an action on a contract executed by it, it is not estopped to prosecute a writ of error on the ground that it was not made a party to the suit and did not appear at the trial merely because the suit was defended by the

Normal School Board, upon which the powers and duties of the State Board as a State agency were conferred by the Civil Administrative Code and against which the suit was brought.

HEARD, J., took no part.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

GEORGE B. GILLESPIE, GEORGE M. GILLESPIE, THOMAS E. GILLESPIE, and LOUIS F. GILLESPIE, for plaintiff in error.

CHARLES L. CAPEN, and B. L. CATRON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Frank Fitzsimmons, doing business under the name of Fitzimmons Construction Company, entered into a contract with the State Board of Education on May 24, 1916, for the construction of a building known as the women's dormitory, on the grounds of the Normal University, at Normal, Illinois. Fitzsimmons entered upon the construction of the work, but by reason of the alleged wrongful conduct of defendants it was never completed, and he brought this action for damages for breach of the contract. The declaration alleged he was hindered, delayed and prevented from complying with the terms of the contract and from completing the building by the wrongful acts and conduct of the persons made defendants to the declaration. A demurrer was filed to the declaration and overruled. Defendants filed two pleas: (1) The general issue; and (2) a plea, verified by the secretary of the Normal School Board, denying the execution of the contract. A trial was had, resulting in a judgment for plaintiff for $30,000, and the Normal School Board prayed and was allowed an appeal from the judgment to the Supreme Court. This court held the judgment was against the State Board of Education and not against

the Normal School Board and that no question was involved which gave it jurisdiction to entertain the appeal, and transferred the cause to the Appellate Court for the Third District. (*Fitzsimmons* v. *Miller,* 308 Ill. 85.) Upon consideration of the case that court dismissed the appeal on the ground that the appeal was prosecuted by defendants, who are members of the Normal School Board, from a judgment against the State Board of Education, and that there was no judgment against the appellants. (*Fitzsimmons* v. *Miller,* 231 Ill. App. 389.) Thereupon the State Board of Education sued out a writ of error from the Appellate Court for the Third District. The judgment was there reversed on the ground that the State Board of Education had not been made a party to the suit, was not served with process and never appeared in court. This court issued a writ of *certiorari* to review that judgment of the Appellate Court.

That the judgment was against the Board of Education of the State of Illinois was decided by this court in *Fitzsimmons* v. *Miller, supra,* and it is not now otherwise contended. The material questions argued are: Was the State Board of Education made a defendant to the suit? Did it appear by counsel and defend the cause on its merits? Is it now estopped to contest the judgment? The merits of the case are referred to but not discussed in the briefs.

Process was issued against and served upon the chairman, secretary and members of the Normal School Board, but no process was issued against or served upon the State Board of Education. The grounds of the demurrer to the declaration were, that the suit was an action against the State of Illinois, in violation of the constitution, which provides the State shall never be made a defendant in any court of law or equity. The special plea was sworn to by the secretary of the Normal School Board, "one of the defendants in the above entitled cause," and alleged the defendants did not make and deliver the writing sued on and mentioned in the declaration.

The State Board of Education, which made the contract sued upon, was created a corporation by act of 1857, having perpetual succession, with power to contract, sue and be sued, plead and be impleaded.  In 1917, by the Civil Administrative Code, the Normal School Board was created, and the act provided that numerous officers, boards, commissions, arms and agencies of the State theretofore created by law, among them the Board of Education of the State of Illinois, were abolished.  The Director of Registration is made chairman and the Superintendent of Public Instruction secretary of the Normal School Board, and the act provides that the rights, powers and duties vested by law in the State Board of Education shall be exercised by the Normal School Board.  The State Board of Education, an eleemosynary corporation, could not be abolished or destroyed by act of the legislature, (*Board of Education* v. *Greenebaum & Sons*, 39 Ill. 609; *Board of Education* v. *Bakewell*, 122 id. 339; *Boehm* v. *Hertz*, 182 id. 154;) but the duties theretofore performed by it as a State agency were transferred to the Normal School Board, leaving the State Board of Education the corporate powers conferred upon it by the act of 1857 creating it.  It necessarily follows that no valid judgment could be rendered against the State Board of Education unless it was made a defendant, was served with process or entered an appearance.

Plaintiff contends the suit was against the chairman, secretary and members of the Normal School Board as trustees, exercising the rights, powers and duties of the Board of Education of the State of Illinois; that the declaration was on a contract made with the State Board of Education on May 24, 1916, and its allegations all ran against the State Board of Education and not against the Normal School Board.  This court held in *Fitzsimmons* v. *Miller*, *supra*, that the chairman, secretary and members constituting the Normal School Board, successor of and exercising the rights, powers and duties of the State Board of Edu-

cation, were named as defendants to the declaration, and that said defendants appeared and pleaded to the declaration; that the declaration was amended and the pleas were re-filed to the declaration as amended; that pending the trial the declaration was further amended, naming as defendants to the suit, the chairman, secretary and members "constituting the Normal School Board, as trustees exercising the rights, powers and duties of the Board of Education of the State of Illinois, a corporation," and by leave of the court the pleas were again re-filed to the amended declaration. This court referred to the contention of plaintiff in error that the State Board of Education was made a defendant, and that it was necessary to serve the Normal School Board because its members represented, as trustees, the State Board of Education and exercised its rights, powers and duties. Those disputed questions the court said it could not determine, as it had no jurisdiction of the appeal. On both occasions the case was before the Appellate Court that court held on this same record that the State Board of Education was not made a defendant, was not served with process and did not in any manner appear in court. It was not directly stated by this court that the State Board of Education was not made a defendant, but that is the reasonable effect of the decision, and we cannot, upon further consideration, agree to the contention of plaintiff the State Board of Education was made defendant.

The special plea denying "defendants" made the contract was sworn to by the secretary of the Normal School Board, one of the defendants. When the contract was offered in evidence counsel for defendants objected on the ground that it was signed by the State Board of Education, a private corporation with perpetual existence; that it had not been served with process, was not a defendant and was not represented. The objection was overruled.

Plaintiff in error contends that the suit was properly brought against the Normal School Board in its representa-

tive capacity, created by the statute, the Civil Administrative Code, because the officers of the State Board of Education were abolished by that statute and became members of the Normal School Board; that process could not be served on separate agents or officers of the State Board of Education, and the judgment was properly entered against the State Board of Education, represented by the Normal School Board, exercising its rights, powers and duties under the provisions of the Civil Administrative Code. The summons was issued against and served upon the chairman, secretary and members of the Normal School Board. The designation of the chairman, secretary and individual members of the Normal School Board as defendants was unnecessary and may be treated as surplusage. The suit was brought against the Normal School Board. Sometimes it was called successor to or trustee or official representative of the State Board of Education, and plaintiff contends a judgment against the State Board of Education was properly rendered. So far as the record discloses, the only persons who were members of both boards were the superintendent of Public Instruction and Charles L. Capen and one other, and we cannot see how a liability against the State Board of Education can be established and judgment rendered against it in an action against the Normal School Board. As we understand it, plaintiff's theory is that the State Board of Education cannot, since the passage of the Civil Administrative Code, be sued in the ordinary form of bringing an action against a corporation; that the Normal School Board is created an agency by the State to exercise the rights, powers and duties of the State Board of Education, and the Normal School Board must be summoned into court in order to obtain a judgment against the State Board of Education. If that contention is correct, it would be necessary to hold the Civil Administrative Code conferred upon the Normal School Board the right to exercise the charter powers conferred upon the State Board of Educa-

tion as a private corporation, and would, in effect, be the latter's destruction by the legislature. This court has held no power was reserved to the legislature to repeal or modify its charter. (*Board of Education* v. *Greenebaum & Sons, supra; Board of Education* v. *Bakewell, supra; Boehm* v. *Hertz, supra.*) When the appeal of the Normal School Board was taken to this court we held the judgment was against the State Board of Education and that the validity of the Civil Administrative Code was not involved, and transferred the case to the Appellate Court. Said code does not purport to amend the charter of the State Board of Education granted by the act of 1857 or refer to it in any manner. Before the passage of the Civil Administrative Code the State had, through the State Board of Education as a State agency, exercised certain powers in the support and maintenance of a free school system, which was approved in *Boehm* v. *Hertz, supra.* The Civil Administrative Code abolished many officers, commissions and boards. It could not abolish the State Board of Education, and it, in effect, declared said board should no longer be used as an agency of the State government. The Civil Administrative Code provided the Normal School Board should exercise the rights, powers and duties before vested in the State Board of Education and the boards of trustees of the other Normal schools. The act did not affect the charter powers of the State Board of Education as a private corporation.

Plaintiff presented and asked leave in the Appellate Court to file a plea of estoppel against the State Board of Education to prosecute the writ of error. Leave to file the plea was denied, and it is insisted the court thereby committed error. The theory of the plea was, that in the circuit court, and in the appeal, the State Board of Education was represented by the Normal School Board, for which the Attorney.General and other counsel appeared, and the State Board of Education is estopped from prosecuting the writ of error. We think no error was committed by the Appel-

late Court in denying leave to file the plea. The State Board of Education was not estopped because the Normal School Board appeared by the Attorney General and other counsel and defended. The State Board of Education was the proper party to be sued, as the contract sued on was made with it. No process was issued against the State Board of Education and it never appeared in court. The suit was defended by the Normal School Board, made defendant and served with process, and the action of that board and its counsel could not estop the State Board of Education from suing out a writ of error to set aside a judgment rendered against it in a suit to which it was not a party. That is so whether considered from the standpoint of the destruction of the corporate existence of the State Board of Education by the Civil Administrative Code, (for the legislature had no power to do that,) or whether said act be considered as making the Normal School Board trustee to represent the State Board of Education in the exercise of its charter powers, for that would, in effect, destroy the corporate existence of the State Board of Education. In no view that can be taken of the case can it be said the State Board of Education was made a defendant to the suit or that it ever appeared in court. The fact that a few of the persons who were members of the Normal School Board were also members of the State Board of Education can make no difference. The Normal School Board was defendant. Its members were served, as such, with process, and defended as members of that board and not as officers or members of the State Board of Education.

It is also contended the terms of the officers of the State Board of Education had expired and it now has no distinct officers or representatives aside from the Normal School Board, and reference is made to the testimony of Capen that his term as president of the State Board of Education expired in June, 1917. The charter of the board provided that the president shall serve until his successor is

elected. This writ of error was sued out by Charles L. Capen, president of the State Board of Education. The term for which he was elected expired in 1917 but no one was elected to succeed him, and under the charter he continued as president and properly sued out the writ of error.

Although the argument of plaintiff in error is voluminous and covers a wide range, the questions material to the decision of the case are, Was the State Board of Education a defendant to the suit, or did it appear at the trial so that the judgment against it is a valid judgment? We think both questions must be answered in the negative.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.

Subsequently, upon petition for rehearing, the following additional opinion was filed:

Per CURIAM: The court granted a rehearing in this case upon the petition of counsel for Fitzsimmons, plaintiff in error in this court. His contention that Charles L. Capen had no authority to sue out the writ of error as president of the Board of Education of the State of Illinois was the principal reason for granting a rehearing, but we have again considered the other questions passed upon in our opinion.

Counsel for plaintiff in error say that in its last analysis the question to be determined in deciding this case is whether anyone appeared in the trial court and represented the State Board of Education under *de jure* or *de facto* authority to do so. This contention is based upon the fact that the declaration as originally filed made defendants the chairman, secretary and members of the Normal School Board, who were all named, "constituting the Normal School Board, successor of and exercising the rights, powers and duties of the Board of Education of the State of Illinois." The declaration was amended by substituting "the names of the defendants to this suit, as follows," naming the

chairman, secretary and members, "constituting the Normal School Board as trustees exercising the rights, powers and duties of the Board of Education of the State of Illinois, a corporation." The Appellate Court and this court held that the suit was against the Normal School Board as defendant. Plaintiff in error contended originally, and now contends, that we overlooked the fact that the summons informed the Normal School Board that it was not sued but was brought into court as representative of the real party defendant, the Board of Education of the State of Illinois, and that the Normal School Board was merely named in a representative capacity. That contention is based upon the Civil Administrative Code, adopted in 1917, which purported to abolish certain offices, boards, commissions, arms and agencies of the State government, among which was the Board of Education of the State of Illinois, the exercise of whose powers and duties the act vested in the Department of Registration and Education. The act created the Normal School Board, and provided that it should have power and it should be its duty to succeed to and to administer all trusts and trust property now or hereafter belonging or pertaining to any of the State normal universities or schools and to perform the duties which had previously been performed by the various boards of trustees of the normal schools of the State. No one has questioned the validity of that act. It does not purport to repeal the act of 1857 creating the State Board of Education, and both parties to this suit admit the act could not take from that board the charter powers conferred upon it by the act of 1857. For the reason that the constitutionality of no statute was involved this court transferred the direct appeal to this court to the Appellate Court. *Fitzsimmons* v. *Miller*, 308 Ill. 85.

In our opinion we referred to the former decisions of this court that the charter of the State Board of Education could not be repealed by act of the legislature or the char-

ter powers of the corporation taken from said board and transferred elsewhere. Plaintiff in error insists that in so holding we passed upon the constitutionality of the Civil Administrative Code, which we had previously held was not involved in this case. We do not so understand it. We merely construed the effect of the Civil Administrative Code, and this construction is not disputed by either party, and neither one of them denies or questions its constitutionality.

F. W. Shepardson was named in the declaration as chairman, the State Superintendent of Public Instruction was named as secretary and Charles L. Capen was named as a member of the Normal School Board. By the act of 1857 the State Superintendent of Public Instruction is made *ex-officio* secretary of the Board of Education of the State of Illinois and by the Civil Administrative Code he is made secretary of the Normal School Board. Service upon him as secretary of the Normal School Board and upon Capen as a member of that board was not service upon the president and secretary of the State Board of Education, and although it is averred that board is successor of and exercising the rights, powers and duties of the State Board of Education, no judgment could be rendered against that board under the declaration unless it appeared in some manner at the trial, and we are of opinion it did not. We are unable to come to any different conclusion from that arrived at in our opinion,—that the Board of Education of the State of Illinois was not a defendant to the suit, that it did not appear and was not represented at the trial, and was not estopped to prosecute a writ of error from the Appellate Court to reverse the judgment.

Charles L. Capen testified he was president of the State Board of Education from May, 1916, to June, 1917. There is no evidence we can discover that his term as a member of the board had expired, and there is no evidence that anyone was elected president to succeed him. The charter of the board provides that at each biennial meeting after the

first meeting of the board it shall elect one of its members president, who shall serve until the next biennial meeting "and until his successor is elected." In his affidavit to the petition for the writ of error, which was filed December 18, 1923, Capen swears he is president of the State Board of Education. In that capacity he sued out the writ. We held in this case that the Civil Administrative Code did not abolish the State Board of Education, but its effect was to transfer to the Normal School Board duties the State Board of Education had previously performed as an agency of the State, but did not and could not take from the State Board of Education its charter powers conferred by the act of 1857. Plaintiff in error here recognized the existence of the State Board of Education by causing judgment to be entered against it. As president of the corporation Capen had authority to act in its behalf in suing out the writ. (*Wetherbee* v. *Fitch,* 117 Ill. 67; 14 Corpus Juris, 437; *Bank of Minneapolis* v. *Griffin,* 168 Ill. 314; *Anderson* v. *Brewing Co.* 173 id. 213; *Anderson Transfer Co.* v. *Fuller,* 174 id. 221.) Even if Capen's term as president had expired, he acted, in suing out the writ, as a *de facto* officer, and his act was valid. (*Sharp* v. *Thompson,* 100 Ill. 447; 14 Corpus Juris, 78; 22 R. C. L. 598.) His right to do so cannot be attacked collaterally. *Lawson* v. *Kolbenson,* 61 Ill. 405; *Samuels* v. *Drainage Comrs.* 125 id. 536.

We held in our opinion that the writ of error was properly sued out, and are convinced upon further consideration and investigation that our decision upon that question, as well as the other questions involved, is supported by the law, and therefore adhere to it.

*Judgment affirmed.*