THE PEOPLE *ex rel.* E. A. Bulpitt *et al.* Appellants, *vs.*
HENRY BUESINGER *et al.* Appellees.

*Opinion filed February 16, 1927.*

1. QUO WARRANTO—*how issue should be joined after a plea of justification—burden of proof.* Where an information in the nature of *quo warranto* alleges usurpation in general terms and the defendants' plea alleges facts showing their right to exercise the privilege claimed and concludes with a traverse under the *absque hoc,* the People should join in the traverse by re-affirming the usurpation if they desire to take issue, in which case the defendants must prove the facts alleged in the plea.

2. SCHOOLS—*election to organize township high school district is a special election.* Although the election to organize a township high school district is required to be held on the same day as the regular election of trustees it is a special election, and notice thereof must be given as provided in the statute or the election will be held void.

3. SAME—*when description in notice of election to organize a township high school district is insufficient.* Where notice of an election recites that it is for the purpose of voting on the proposition of establishing a township high school for the benefit of the school township, describing the entire township, approximately four sections of which are included in another high school district already organized, the notice is insufficient, and being jurisdictional the election will be held void, and a plea of justification relying on such notice must be held insufficient in law in a *quo warranto* proceeding.

4. SAME—*participation in election does not estop relators in quo warranto.* As an information in *quo warranto* in the name of the People is an action to enforce the public right such action is not barred by the conduct of a relator or the acquiescence of individuals, and relators attacking the organization of a township high school district are not estopped by the fact that they participated in the election called for the purpose of voting upon the proposition to establish the district in question.

APPEAL from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

CARL PREIHS, State's Attorney, HOGAN & REESE, and HARRY HERSHEY, for appellants.

LESLIE J. TAYLOR, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The People, on the relation of E. A. Bulpitt and Robert McKenzie, filed an information in the nature of *quo warranto* against appellees to test the legality of the organization of Township High School District No. 309, in Christian county. The information was general in character and called upon appellees to show by what authority they held the office of members of the board of education of said district and exercised the rights and privileges thereof. Two pleas were filed. By the first, appellees justified by setting out all the proceedings by which the district was organized and by which they were elected to membership on the board, and the second set up an estoppel. Demurrers to the pleas were overruled and general replications were filed traversing all issuable facts. There was a hearing before the court without a jury and a judgment of not guilty. This appeal followed.

Where an information in the nature of *quo warranto* alleges usurpation in general terms and the defendants' plea alleges facts showing their right to exercise the privilege claimed and concludes with a traverse under the *absque hoc,* the People should join in the traverse by re-affirming the usurpation if they desire to take issue, in which case the defendants must prove the facts alleged in the plea. (*People* v. *Opie,* 304 Ill. 521.) The pleadings in this case are irregular, but the conclusion we reach makes it unnecessary to discuss them. We are bound to give judgment on the whole record, and therefore to examine the suffi-

ciency, in law, of all allegations through the whole series of the pleading. If there is an insufficiency in substance it may be raised on writ of error.

The district in question includes all of congressional township 13 north, range 3 west of the third principal meridian, except approximately four sections of land out of the north edge of the township which had theretofore been incorporated in another high school district. The organizers of this district proceeded under section 85 of the School law, which prescribes the steps to be taken to organize a township high school district. Under this section it is the duty of the treasurer, upon the receipt of a petition signed by at least fifty legal voters of the township, to give notice of an election, to be held at the next regular election of trustees, for the purpose of voting for or against the proposition to establish a township high school. After the petition in this case was filed the township treasurer gave the following notice: "Notice is hereby given that on Saturday, the 11th day of April, A. D. 1925, an election will be held in the village hall in the village of Kincaid, Illinois, for the purpose of voting 'For' or 'Against' the proposition to establish a township high school for the benefit of school township No. 13 north, range 3 west of the third principal meridian, Christian county, Illinois." When the time and place of an election are not fixed by law and the election is to be called and the time and place are to be fixed by some authority named by the statute, it has been held to be essential to the validity of such an election that it be called and the time and place thereof fixed by the agency designated by law. (*Snowball* v. *People,* 147 Ill. 260; *Stephens* v. *People,* 89 id. 337.) Every election called to organize a township high school district is a special election, and the fact that it is held on the same day as the regular election of trustees does not change its character. (*People* v. *Czarnecki,* 312 Ill. 271; *People* v. *Brown,* 189 id. 619.) Giving notice of such an election is jurisdic-

tional, and if proper notice is not given the election held will be void. (*Roberts* v. *Eyman,* 304 Ill. 413.) The notice given in this case did not describe the territory to be organized into a high school district but described territory which included approximately four sections of land already incorporated in another high school district. This was a material defect in the notice and the election held pursuant to it was void. The plea of justification, which is based on this notice, is insufficient in law to support the judgment.

The second plea alleges that relators participated in the election called for the purpose of voting upon the proposition to establish the district in question and that they are therefore estopped to question the legality of its organization. It was stipulated that both of the relators did vote at the election and that they did vote on the proposition. The object of this proceeding is a matter of public concern and any citizen might have become the relator in an action to enforce the public right. Such an action is not barred by the conduct of a relator or the acquiescence of individuals. (*People* v. *Taylor,* 257 Ill. 192; *People* v. *Keigwin,* 256 id. 264; *People* v. *Anderson,* 239 id. 266; *People* v. *Gary,* 196 id. 310.) This plea is insufficient, in substance, to constitute a good defense to this action.

The form of the petition is challenged, but we do not consider it necessary to determine whether the defects apparent on the face of the petition are such as would render the organization of the district void if the subsequent steps had been regular. If those interested in organizing this district desire to proceed further, prudence will direct them to file a new petition.

The judgment of the circuit court is reversed and the cause is remanded.          *Reversed and remanded.*