School Directors of District Number 184 et al., Appellants, v. M. L. Briggs, Appellee.

Gen. No. 8,611.

Opinion filed April 27, 1932.

Hogan & Coale, Leal W. Reese, W. B. McBride and Hershey & Vogelsang, for appellants.

Leslie J. Taylor, for appellee.

Mr. Justice Shurtleff delivered the opinion of the court.

A motion is urged in this case to this court to retransfer the cause to the Supreme Court of the State, upon the ground that the constitutionality of a statute is involved, and this court is without jurisdiction to pass upon that question.

The final decree was entered in the circuit court of Christian county upon August 24, 1931, the same being the first day of the August Term, 1931, and an order was entered for an appeal to the Supreme Court, bond fixed and a certificate of evidence ordered to be prepared. Thereafter on the twenty-third day of September, 1931, at the same term of court, a further order was entered in the circuit court of Christian county as

follows: "Order requiring the complainants to enter into an appeal bond is vacated and complainants may prosecute an appeal without giving bond. The order granting the appeal to the Supreme Court is vacated and the appeal is allowed to the Appellate Court." Nevertheless, appellants appealed the cause to the Supreme Court and the record, briefs, arguments and abstract were filed in that court upon November 11, 1931, to the December Term, A. D. 1931 of said court. And thereafter, on the third day of December, 1931, the Supreme Court being fully advised in the premises, and having examined and inspected the record and being of the opinion that this case was wrongfully appealed to that court, ordered that this case be, and the same is hereby transferred to the Appellate Court of the Third District of the State of Illinois, and the transcript and files herein have been transmitted to this court and are before us. We have examined the record, abstract, briefs and arguments in the case fully.

The statement of the case as made by appellants is as follows: "This is an appeal from a decree rendered in the Circuit Court of Christian County, which dismissed the bill in equity.

"The suit was filed by the School Directors of a number of underlying common school districts, which included territory formerly within a township high school district which had been dissolved, and was for the purpose of compelling an accounting and to secure proper distribution of the funds of the dissolved high school district.

"The facts of the case are as follows: An order of dissolution was entered in the Circuit Court of Christian County, Illinois, on the 24th day of March, A. D. 1927, dissolving high school district No. 309 of Christian County, holding the district to be null and void and ousting the Board of Education of said alleged district from jurisdiction over its territory.

"This judgment, which was final and not appealed from, was rendered following the decision of the Supreme Court in the case of *People v. Buesinger*, 324 Ill. 534, which was the same case.

"This *de facto* high school district had been in existence long enough to have levied and collected taxes, and at the time of its dissolution, Charles J. Walter, Jr., who was the Township Treasurer of South Fork Township, Christian County, Illinois, wherein the district was located, had in his hands belonging to said school district the sum of $21,272.71. However, it took a small sum of money to pay off the obligations incurred by the district prior to its dissolution, so that at the time of its dissolution there was in the hands of the Treasurer of the district, over and above all outstanding indebtedness incurred before that time, the sum of $19,602.58, and it became a serious question for the Treasurer to determine as to whom this money shall be distributed.

"Section 92 of the School Act as adopted in 1923 provided that in such case, after the district had been dissolved: 'The County Superintendent of Schools shall direct the high school Board of Education to discharge all outstanding obligations and to distribute the remainder of the assets of the high school district to the underlying school districts and parts of districts.'

"This Act which was enforced from 1923 until 1925 was amended by the Legislature in 1925 and the following additional clause was added: 'When a high school district is or has been organized or attempted to be organized under the laws of this State, and the organization is or has been declared to be invalid by a final decree of a court of competent jurisdiction, and a new high school district has been formed by vote of the people, or a new high school district is formed within two years of the decree of Court, by vote of the people and where the new high school district em-

braces in area and population not less than two-thirds of the discontinued school district, then any court having jurisdiction may order and direct the assets of the invalidly organized high school district, after the payment of all outstanding obligations, be paid to the treasurer of the new high school district for its use and benefit.'

"After the dissolution of High School District No. 309, Mr. Charles J. Walter, Jr., the Treasurer of the district, who had the above funds in his hands, was advised by counsel that the district could incur no new obligations. He was further advised (for reasons which will be hereafter given) that the amendment of 1925 was unconstitutional, and that for his own protection, the payment of the said sum of $19,602.58 should be paid out to the underlying school districts and parts of districts in proportion to the assessed valuation of all the property of such school districts and parts of districts.

"Thereafter, upon written demand having been made to him by several of the underlying school districts, the said Charles J. Walter, Jr., did compute and ascertain the sums of money to which each of the underlying school districts were entitled, and did pay out to the several underlying school districts the sum of $19,602.58.

"The distribution as to all of the school districts of which he was himself the Treasurer was, of course, made only on his own books as he was the Treasurer both of the dissolved high school district and also of the underlying school districts. The distribution which was due to the underlying school districts of which he was not the Treasurer was made by the payment of cash.

"Shortly after the above distribution was made the term of office of the said Charles J. Walter, Jr., as Township Treasurer of South Fork Township expired

and the defendant M. L. Briggs was appointed by the Trustees to succeed him.

"Shortly after his accession to office the defendant M. L. Briggs, evidently being advised by his counsel that the amendment of 1925 was a valid amendment retransferred the funds of these underlying school districts back to himself and purported to hold them as the funds of High School District No. 309.

"The ousted Board of Education of High School District No. 309 refused to obey the order of the Circuit Court ousting them of jurisdiction and dissolving the district, but continued to carry on a high school after the 24th day of March, A. D. 1927, up to the close of the school year. In so doing they had incurred additional expenses for teacher's salaries, janitor's services, rental of building, etc., during that interval. After the dissolution of the district, the Township Treasurer on the advice of counsel, refused to pay these additional orders and a suit for mandamus was filed against him in the Circuit Court of Christian County, to compel him to pay these orders. He appeared and answered the suit which was pending for trial in the Circuit Court of Christian County at the time the term of Charles J. Walter, Jr., as Township Treasurer, expired. As soon as the defendant M. L. Briggs succeeded to the office of Township Treasurer he suffered himself to be defaulted and, by what, in the opinion of counsel, amounted to a conspiracy among all parties concerned, permitted a judgment to be entered against him, ordering the payment of these illegal orders.

"Some time after that a new high school district was organized, which contained approximately 85 per cent of the territory formerly included within District No. 309, which new high school district was known as High School District No. 310, and the defendant M. L. Briggs contends that all the surplus money in his

hands now belongs to the new district. This bill in equity was thereupon filed:

"(1) To prevent a multiplicity of suits, and to compel an accounting of the funds belonging to the complainant underlying school districts, particularly as to those funds which had been illegally paid out by maintaining a high school after the district had been dissolved.

"(2) To compel him to pay back to these underlying school districts the amount of funds which they claimed was illegally taken from them.

"(3) To enjoin the defendant from paying out the funds in his hands to any newly organized high school district.

"All of the facts as above set forth were presented in evidence when the cause was tried in the Circuit Court. The Chancellor, after considering the case, held that the amendment of 1925 to the School Act was constitutional, and therefore dismissed the bill at the cost of the Complainants."

From the abstract, briefs and arguments in this cause it is shown that a mandamus suit was prosecuted in the circuit court of Christian county against appellee, as township treasurer, by various creditors of said high school district, the said creditors purporting to be superintendent, principal, various teachers and other creditors, and the cause tried and a writ of mandamus awarded, directing said appellant to make certain payments to said relators, but the amounts and full extent of said suit or suits are not shown by the abstract.

The abstract and brief and argument of appellant do not comply with the rules of this court. We can get little idea as to the controversy from either. They do not show, with any certainty, the amount of funds in controversy, nor the amount directed to be paid out by the judgment in mandamus, from which no appeal

was taken. Counsel in their argument of the case state: ''There are only two separate points of law involved in this case; one being that District No. 309 became extinct when the decree of dissolution was entered against it on March 24th, A. D. 1927. In accordance with numerous cases heretofore cited this district could not incur any further obligations. It had no Board of Education, and there being no Board of Education there was no one authorized to continue the existence of the school after the date of its dissolution. It is therefore apparent that the funds on hand and held by the Treasurer of the Township in which District No. 309 was located are not properly chargeable with teacher's salaries, janitor's services, and rental of the high school building, all of which were incurred and were for services obtained subsequent to the dissolution of the district. The fact that the friends of this extinct high school were able to secure the appointment of a compliant Township Treasurer who was perfectly willing to let himself be defaulted in a mandamus suit brought to compel the payment of such illegal warrants, does not affect the ultimate decision of this case.

''It is apparent on the face of the record that Briggs, the defendant in this case, conspired with the authors of these illegal warrants for the purpose of getting an order from some court which might be alleged to authorize their payment.

''The constitutionality of the amendment of 1925 to the School Act, which provided that the funds levied for the benefit of one district might be used for the benefit of another district, even though the territory involved is not identical, has never been presented to this Court for consideration. We believe that only a casual examination of this statute will convince anyone that it is unconstitutional and void. It provides in

effect that money collected from one locality may be used in part for the benefit of another.''

Substantially the only argument made by appellants is upon their fourth assignment of error, as follows: ''4. The court erred in refusing to hold the Statute, chapter 122, paragraph 100, page 2509 Cahill's Revised Statutes, as amended in 1925, unconstitutional, null and void.''

The suit or bill is not filed to attack, set aside or review the mandamus proceedings, as no proper charges are made and none of the relators are made parties. We should be inclined to transfer this cause to the Supreme Court, but neither in the pleadings nor in the entire record is it shown anywhere that the constitutionality of any statute was presented to the lower court, any ruling thereon made or preserved, without which the Supreme Court would have no jurisdiction of this cause. (*Darley v. Thompson*, 299 Ill. 122, 124; *Cleveland, C., C. & St. L. Ry. Co. v. McGrath*, 195 Ill. 104; *Opaque Cloth Shade Co. v. Veight*, 161 Ill. 337; *People v. Blue Mountain Joe*, 129 Ill. 370, 375; *Dean v. Northern Trust Co.*, 259 Ill. 148, 155; *Stewart v. Department of Public Works & Buildings*, 336 Ill. 513; *Fitzsimmons v. Miller*, 308 Ill. 85, 92; and *Board of Education v. Board of Education*, 312 Ill. 31, 33.)

As to the mandamus proceeding, the abstract shows the following: ''Following is transcript of mandamus case, unnecessary to abstract in full. The substance of the petition is, that certain employees of district 309, which was a district that was dissolved because of decision of the Supreme Court, and which continued to operate the school after the dissolution of said district throughout April and May, and that Walter was treasurer and had on hand funds of said district, and that the employees, teachers, janitors, etc., and landlord for rent of building had not been paid for these two

months, and that the board of education issued orders for their services and for the rental as follows:

|                |          |
|----------------|----------|
| J. W. White    | $260.00  |
| J. C. Roberts  | 200.00   |
| Ruth Greenan   | 177.78   |
| Nina Maxey     | 166.67   |
| Frances Smith  | 166.67   |
| Mabel Parks    | 166.67   |

and also sets out further orders to be issued and they were presented to Walter who refused to pay the same.

"Petition further sets out other additional orders for the same purpose to practically the same people and their allowance in May, and Walter, treasurer, refused to pay the same." And all that the abstract shows as to the judgment or "decree" in mandamus is the following: "Order of court with reference to mandamus directing the treasurer to pay the orders.

"File marks of decree."

So it would seem that there had been a judgment or "decree" in the mandamus suit, ordering portions of these funds or all of them to be paid out to various persons, none of whom are parties to this suit and in a suit in the same court, from which no appeal has been taken. Under the circumstances in this case, we are not inclined to retransfer this cause to the Supreme Court and the motion to retransfer is denied.

Appellants in this court argue only the fourth assignment of error, that paragraph 100 of chapter 122, page 2509 of Cahill's Revised Statutes, as amended in 1925, is unconstitutional. We have no jurisdiction to pass upon this question; therefore, the decree of the circuit court of Christian county is affirmed.

*Affirmed.*